## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMELL MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:19-cv-1051-MAB |
| | ) | |
| WEXFORD HEALTH CARE SOURCES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on a motion for summary judgment for failure to exhaust administrative remedies filed by Defendants Frank Lawrence and Alex Jones ("IDOC Defendants") (Doc. 62). The motion was filed on April 22, 2020. To date, Plaintiff has not offered any response, despite being ordered to show cause on or before July 14, 2020 why the Court should not construe his failure to respond as an admission of the merits of the motion (Doc. 69). The Court also noted that instead of responding to the Order to Show Cause, Plaintiff could simply file a response to the summary judgment motion (*Id.*). Plaintiff has done neither. For the ensuing reasons, the IDOC Defendants' motion for summary judgment (Doc. 62) will be granted in part.

## Background

Plaintiff Jamell Murphy ("Plaintiff") filed this action on August 20, 2019 (Doc. 1).

Following a threshold review of the complaint pursuant to 28 U.S.C.§ 1915A, Plaintiff

was permitted to proceed on the following claims:

> **Count 1:** Eighth Amendment claim against Dr. Wobasi for deliberate indifference to a serious medical need for concealing the fact that Murphy had a mass on his left lung and failing to provide treatment for the mass.
>
> **Count 2:** Eighth Amendment claim against Dr. Mohammed Siddiqui for deliberate indifference to a serious medical need for denying treatment for that mass.
>
> **Count 3:** Eighth Amendment claim against Wexford for deliberate indifference to serious medical needs based on its policy and/or custom of concealing medical conditions and delaying and denying medical care to reduce costs at the expense of the health of inmates which resulted in the concealment of the mass on Murphy's left lung and delay and denial of treatment for the mass on his left lung and the mass on his spleen.
>
> **Count 4:** Eighth Amendment claim against Warden Frank Lawrence for deliberate indifference to a serious medical need based on his knowledge of a continuing Eighth Amendment violation for the denial of treatment of the mass on Murphy's spleen.

(Doc. 7).[1]

Plaintiff also filed a motion for preliminary injunction at the time he filed his

complaint (Doc. 2). The Court noted that the Warden of Menard Correctional Center —

Frank Lawrence, who was already a Defendant in his individual capacity — was the

appropriate official capacity defendant for the purpose of implementing any injunctive

relief that may be ordered (Doc. 7). Defendants responded to Plaintiff's motion for

---

[1] This case was assigned to Chief Judge Rosenstengel until March 6, 2020, when it was transferred to the undersigned magistrate judge for disposition pursuant to 28 U.S.C. § 636(c).

preliminary injunction as ordered by the Court (Docs. 33, 57). However, before briefing on Plaintiff's motion was completed, the Court decided to recruit an attorney to represent Plaintiff (Doc 34), and counsel entered his appearance on behalf of Plaintiff on November 21, 2019 (Doc. 38).

The Court held a hearing on Plaintiff's motion for preliminary injunction on March 5, 2020 (Doc. 58). The Court took the matter under advisement, but ultimately entered an Order that same day denying Plaintiff's motion (Doc. 59). The Court also noted that Frank Lawrence was no longer the Warden of Menard and substituted Alex Jones (the then acting warden) in place of Lawrence as an official capacity defendant for the purpose of implementing future injunctive relief in this case (*Id*.). That same Order also dismissed Dr. Wobasi without prejudice because he was deceased and Plaintiff had failed to identify a proper party to substitute in his place (*Id*.).

On April 22, 2020, the IDOC Defendants filed a motion for summary judgment on the issue of exhaustion (Doc. 63). The IDOC Defendants argue that Lawrence is entitled to dismissal without prejudice because Plaintiff failed to identify or reference Lawrence in any way in his grievances (*Id*.). The IDOC Defendants argue that Jones is entitled to dismissal because he was only added to this case for the purpose of implementing injunctive relief and Plaintiff's preliminary injunction has since been dismissed and he has no other requests for injunctive relief pending (*Id*.).

Plaintiff's response to the IDOC Defendant's motion for summary judgment was due on or before May 26, 2020, but no response came (*see* Doc. 62). *See also* SDIL-LR 7.1(c). On June 23, 2020, the Court entered a Show Cause Order, directing Plaintiff to show cause

on or before July 14, 2020, why the Court should not construe his failure to timely respond to the motion for summary judgment as an admission of its merits and grant it (Doc. 69). The Court also noted that instead of responding to the Show Cause Order, Plaintiff could simply file a response to the motion for summary judgment (*Id.*). Plaintiff was specifically warned that a failure to do either could result in the dismissal of Defendants Jones and Lawrence for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) (*Id.*). To date, Plaintiff has failed to file a response of any kind to the summary judgment motion or the Show Cause Order.

<u>Analysis</u>

This Court's Local Rules specifically provide that a "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(c). And under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b); *In re Bluestein & Co.,* 68 F.3d 1022, 1025 (7th Cir. 1995) ("District courts possess the inherent authority to dismiss a case sua sponte for want of prosecution as part of the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (internal quotations and citations omitted).

In this instance, the Court elects to construe Plaintiff's failure to respond to the IDOC Defendants' motion for summary judgment as an admission of the merits of the motion. The IDOC Defendants motion for summary judgment demonstrates that

Lawrence is entitled to dismissal without prejudice as Plaintiff has failed to exhaust as to him (*see* Doc. 63). However, dismissal of Alex Jones is not warranted at this time. A review of Plaintiff's Complaint, as well as, Chief Judge Rosenstengel's Order on the preliminary injunction reveals that Plaintiff's claim for injunctive relief remains pending and was not dismissed (*see* Docs. 1, 59).[2] Although Plaintiff's motion for *preliminary* injunction was denied, he may still be entitled to injunctive relief if he prevails on the merits of his claims. The prudent course of action is to keep an official capacity defendant in the case for the purpose of injunctive relief in the event Plaintiff ultimately succeeds. Accordingly, the IDOC Defendants' request to dismiss Jones (the official capacity defendant) is denied.

Finally, the Court notes that Alex Jones is no longer the warden at Menard. The current warden at Menard is Anthony Wills. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Wills will be substituted into this case (official capacity only) for the purpose of implementing any future injunctive relief Plaintiff may be awarded.

## Conclusion

For the reasons stated above, the IDOC Defendants' motion for summary judgment (Doc. 62) is **GRANTED IN PART and DENIED IN PART**. The motion is granted as to Defendant Frank Lawrence, who is **DISMISSED without prejudice** due to Plaintiff's failure to exhaust his administrative remedies. The motion is denied as to Defendant Alex Jones. The Clerk of Court is **DIRECTED** to **SUBSTITUTE** Anthony Wills, in his official capacity, for Defendant Alex Jones.

---

[2] Chief Judge Rosenstengel would not have substituted Jones in as an official capacity defendant in the same order denying Plaintiff's motion for preliminary injunction if Plaintiff had no other requests for injunctive relief.

This matter will proceed on Count 2 and Count 3 against Dr. Mohammed Siddiqui and Wexford Health Sources, Inc. for deliberate indifference to a serious medical need.

The stay on discovery on the merits of Plaintiff's claims (*see* Doc. 61) is **LIFTED**, and the parties can proceed with discovery. A new schedule will be entered by separate order.

**IT IS SO ORDERED.**

**DATED: August 17, 2020**

                                                 **s/ Mark A. Beatty**
                                                 **MARK A. BEATTY**
                                                 **United States Magistrate Judge**