IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMELL A. MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-1051-MAB |
| | ) |
| WEXFORD HEALTH CARE SOURCES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the Bill of Costs filed by Defendants Mohammed Siddiqui and Wexford Health Care Sources, Inc. (Doc. 128) and Plaintiff's objections thereto (Doc. 135). For the reasons explained below, Plaintiff's objections are overruled and Defendants are awarded their costs.

Plaintiff Jamell Murphy filed this lawsuit alleging that his constitutional rights were violated at Menard Correctional Center (Doc. 1; Doc. 86; Doc. 126). More specifically, Plaintiff alleges that Dr. Mohammed Siddiqui and Wexford Health Sources, Inc. provided constitutionally inadequate medical care for a mass on his left lung and another mass on his spleen (Doc. 86; Doc. 126). Defendants moved for summary judgment and their motion was granted (Docs. 107, 126). The case was dismissed, and judgment was entered in Defendants' favor on August 18, 2022 (Doc. 127). Defendants filed their Bill of Costs on August 30, 2022, seeking a total of $873.90 for the cost of deposition transcripts (Doc. 128).

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. There is a "strong presumption that the prevailing party will recover costs . . . ." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997); *accord Lange v. City of Oconto*, 28 F.4th 825, 845 (7th Cir. 2022); *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The burden is on the non-prevailing party to overcome this presumption by making "an affirmative showing that taxed costs are not appropriate." *Lange*, 28 F.4th at 845 (citation omitted); *Rivera*, 469 F.3d at 636. "This presumption in favor of awarding costs 'is difficult to overcome'; therefore, 'the court must award costs unless it states good reasons for denying them.'" *Lange*, 28 F.4th at 845 (quoting *Weeks*, 126 F.3d at 645). The decision of whether and to what extent the prevailing party may be awarded costs is committed to the district court's discretion. *Lange*, 28 F.4th at 846; *Weeks* 126 F.3d at 945.

While Plaintiff filed a timely objection to the Bill of Costs, he did not make any actual arguments as to why he should not be responsible for Defendants' costs (Doc. 135). That being said, the Court notes that the losing party may be excused from paying the prevailing party's costs if the losing party is indigent. *Rivera v. City of Chicago*, 469 F.3d 631, 634–35 (7th Cir. 2006). Indigence, however, "does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera*, 469 F.3d at 635. In determining whether to hold an indigent party liable for costs, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* (quoting *McGill v. Faulkner*, 18 F.3d 456, 459 (7th

Cir. 1994)). The burden is on the indigent party "to provide the district court with sufficient documentation to support such a finding," in the form of "an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Rivera*, 469 F.3d at 635 (internal quotation marks and citation omitted).

In this instance, while Plaintiff did not make an argument that he should be excused from paying costs associated with the litigation because he is indigent (*see* Doc. 135), the Court notes that he was granted pauper status when this action commenced (Doc. 12). Within days of filing his Objection to Defendants' Bill of Costs, Plaintiff also submitted a motion for leave to proceed *in forma pauperis* on appeal ("IFP motion"), which was granted (Doc. 141, Doc, 138). The Court, however, believes that Plaintiff's trust fund statements show that he is capable of paying Defendants' costs, despite his incarceration and pauper status. His trust fund statement shows that at the time Defendants filed their Bill of Costs on August 30, 2022, Plaintiff had almost $500 in his trust fund account (Doc. 131). And since the beginning of 2022, he regularly received money from others, his average monthly balance was over $350, he gifted money on multiple occasions (an $80 gift, two $200 gifts, and a $250 gift), and he made large purchases at the commissary (ten purchases, with an average of $124.50) (*see* Doc. 131, 137, 138); 28 U.S.C. § 1915(b)(1). Plaintiff's trust fund statement from the beginning of the litigation tells a similar story (*see* Doc. 11). Consequently, the Court cannot conclude that Plaintiff was incapable of paying Defendants' costs at the time the Bill of Costs was filed or that he will be incapable of paying Defendants' costs in the future. The Court therefore cannot rely on the indigency exception to deny Defendants' costs. *See Rivera*, 469 F.3d at 635 (in determining

whether to hold an indigent party liable for costs, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" (citation omitted)).

## CONCLUSION

The Court **OVERRULES** Plaintiff's objection to costs and **ORDERS** an award of costs in the amount of $873.90 for Defendants Siddiqui and Wexford. The Clerk of Court shall tax costs in these amounts against Plaintiff.

**IT IS SO ORDERED.**

**DATED: October 6, 2023**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
